# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

JAMES H. ERINAKES, Individually and as : \
Executor of the Estate of Charles H. Erinakes : \
                                                    : \
            v.                                  :         C.A. No.: \
                                                 : \
UNITED STATES OF AMERICA;       : \
JOHN/JANE DOE CORPORATION, Alias : \
and JOHN/JANE DOE, MD, Alias       :

## COMPLAINT

### PARTIES

1. James H. Erinakes brings this claim individually and as Executor of the Estate of Charles H. Erinakes. He is a citizen and resident of West Warwick, Rhode Island and of the Unites States of America.

2. Defendant United States of America is the party being sued for the acts and/or omissions of the United States Veterans Affairs Medical Centers.

3. Defendant John/Jane Doe Corporation, Alias, upon information and belief is a corporation existing under the laws of Rhode Island with a principal place of business herein. The true name of the defendant corporation is unknown to plaintiffs who will seek leave to amend their complaint to state the true name of defendant John/Jane Doe Corporation when such has been ascertained.

4. Defendant, John/Jane Doe, MD, Alias, are, upon information and belief, citizens and residents of the State of Rhode Island. The true names of said defendants are unknown to plaintiffs, who consequently sue such defendants by said fictitious names. Plaintiffs will seek leave to amend their Complaint to state defendants' true names when such

have been ascertained. At all times mentioned herein, said defendants were agents, apparent agents, and/or employees of John/Jane Doe Corporation, Alias.

### VENUE AND JURISDICTION

5. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Rhode Island. Additionally, Plaintiff resides in Rhode Island and bring this complaint in the United States District Court where he resides.

6. Certain claims herein are brought against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680.

7. Pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2675, the claims herein against the United States were presented to the Department of Veterans Affairs on December 10, 2014. The Department of Veterans Affairs failed to make a decision on plaintiff's administrative claim within the time provided for by law. Accordingly, a constructive denial of the claim has occurred.

### COUNT I
### NEGLIGENCE
### UNITED STATES OF AMERICA

1. On or about September, 2011, the United States Veterans Affairs Medical Centers, by and through its agents, actors and employees, undertook for valuable consideration to diagnose, treat, and care for Charles H. Erinakes.

2. It then and there became and was the duty of defendant United States of America, by and through its agents, actors and employees, to exercise ordinary care in the diagnosis, treatment and care of Mr. Erinakes.

3. Nevertheless, defendant disregarded its duty as aforesaid and failed to exercise said degree of diligence and skill in that it failed to properly diagnose and failed to render

adequate, proper, and necessary treatment to Charles H. Erinakes and was otherwise negligent in its diagnosis, treatment, and care of him.

4. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Charles H. Erinakes suffered severe personal injuries and pain and suffering which ultimately resulted in his wrongful death on June 12, 2015.

5. By reason of the foregoing, Charles H. Erinakes' estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

6. By reason of the foregoing, Charles H. Erinakes suffered severe injuries to his mind and body, nerves, and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Charles H. Erinakes as set forth under R.I. Gen Laws §10-7-7.

WHEREFORE, plaintiff, as Executor of the Estate of Charles H. Erinakes, demands judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT II
### LACK OF INFORMED CONSENT
### UNITED STATES OF AMERICA

1. Count I is hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of defendant United States of America, no emergency existing, to inform Charles H. Erinakes of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon him so that he could give his informed consent to such treatment. It also then and there became the duty of defendant to obtain his informed consent before proceeding with said treatment and care.

3. Nevertheless, defendant disregarded its duty as aforesaid and failed to inform Charles H. Erinakes of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained his informed consent.

4. If defendant had informed Charles H. Erinakes of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of him suffering those injuries from which he suffered as a direct result of defendant's performance of the treatment and care in question, he would have refused to consent to the performance of said treatment and care.

5. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Charles H. Erinakes suffered severe personal injuries and pain and suffering which ultimately resulted in his wrongful death on June 12, 2015.

6. By reason of the foregoing, Charles H. Erinakes' estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

7. By reason of the foregoing, Charles H. Erinakes suffered severe injuries to his mind and body, nerves, and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Charles H. Erinakes as set forth under R.I. Gen Laws §10-7-7.

WHEREFORE, plaintiff demands judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT III
### CORPORATE LIABILITY
### UNITED STATES OF AMERICA

1. Counts I and II are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became and was the duty of defendant United States of America to provide quality medical care to Charles H. Erinakes, to protect his safety, to protect him from incompetent and/or negligent treatment, to ensure that those providing care and treatment within its walls were properly credentialed, and to otherwise exercise reasonable care for his protection and well-being.

3. Nevertheless, defendant negligently disregarded its duty as aforesaid and/or failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical care, and/or otherwise failed to discharge its responsibilities as a medical provider to Charles H. Erinakes.

4. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Charles H. Erinakes suffered severe personal injuries and pain and suffering which ultimately resulted in his wrongful death on June 12, 2015.

5. By reason of the foregoing, Charles H. Erinakes' estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

6. By reason of the foregoing, Charles H. Erinakes suffered severe injuries to his mind and body, nerves, and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Charles H. Erinakes as set forth under R.I. Gen Laws §10-7-7.

WHEREFORE, plaintiff demands judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT IV
### VICARIOUS LIABILITY
### UNITED STATES OF AMERICA

1. Counts I through III are hereby incorporated by reference as if fully set forth at length herein.

2. The United States Veterans Affairs Medical Centers health care providers in Rhode Island who treated the Charles H. Erinakes, were employees, agents, apparent agents and/or servants of the United States Veterans Affairs Medical Centers and were acting within the scope of their employment at all times relevant hereto.

3. Defendant was at all relevant times vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of the United States Veterans Affairs Medical Centers health care providers as set forth above.

4. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Charles H. Erinakes suffered severe personal injuries and pain and suffering which ultimately resulted in his wrongful death on June 12, 2015.

5. By reason of the foregoing, Charles H. Erinakes' estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

6. By reason of the foregoing, Charles H. Erinakes suffered severe injuries to his mind and body, nerves, and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Charles H. Erinakes as set forth under R.I. Gen Laws §10-7-7.

WHEREFORE, plaintiff demands judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT V
### NEGLIGENCE
### JOHN/JANE DOE CORPORATION, ALIAS

1.  Plaintiffs hereby incorporate Paragraphs 1 through 7 as if fully set forth at length herein.

2.  On or about September 2011, defendant John/Jane Doe Corporation, Alias undertook for valuable consideration to diagnose, treat, and care for Charles H. Erinakes.

3.  It then and there became and was the duty of the defendant to exercise that degree of diligence and skill required of the average physician engaged in the practice of medicine.

4.  Nevertheless, defendant disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Charles H. Erinakes and was otherwise negligent in his diagnosis, treatment, and care of him.

5.  As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Charles H. Erinakes suffered severe personal injuries and pain and suffering which ultimately resulted in his wrongful death on June 12, 2015.

6.  By reason of the foregoing, Charles H. Erinakes' estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

7.  By reason of the foregoing, Charles H. Erinakes suffered severe injuries to his mind and body, nerves, and nervous system, and endured extreme pain and suffering, all of

which damages are remunerable on behalf of the estate of Charles H. Erinakes as set forth under R.I. Gen Laws §10-7-7.

WHEREFORE, plaintiff demands judgment against defendant John/Jane Doe Corporation, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT VI
### LACK OF INFORMED CONSENT
### JOHN/JANE DOE CORPORATION, ALIAS

1. Count V is hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of defendant John/Jane Doe Corporation, Alias, no emergency existing, to inform Charles H. Erinakes of the risks of harm attendant to the treatment and care he proposed to administer to and perform upon him so that he could give his informed consent to such treatment. It also then and there became the duty of defendant to obtain Charles H. Erinakes' informed consent before proceeding with said treatment and care.

3. Nevertheless, defendant disregarded his duty as aforesaid and failed to inform Charles H. Erinakes of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained his informed consent.

4. If defendant had informed Charles H. Erinakes of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of him suffering those injuries from which he suffered as a direct result of defendant's performance of the treatment and care in question, he would have refused to consent to the performance of said treatment and care.

5.  As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Charles H. Erinakes suffered severe personal injuries and pain and suffering which ultimately resulted in his wrongful death on June 12, 2015.

6.  By reason of the foregoing, Charles H. Erinakes' estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

7.  By reason of the foregoing, Charles H. Erinakes suffered severe injuries to his mind and body, nerves, and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Charles H. Erinakes as set forth under R.I. Gen Laws §10-7-7.

WHEREFORE, plaintiff demands judgment against defendant John/Jane Doe Corporation, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT VII
### CORPORATE LIABILITY
### JOHN/JANE DOE CORPORATION, ALIAS

1.  Counts V and VI are hereby incorporated by reference as if set forth fully at length herein.

2.  It then and there became and was the duty of defendant John/Jane Doe Corporation, Alias to provide quality medical care to the Charles H. Erinakes, to protect his safety, to protect him from incompetent and/or negligent treatment, to ensure that those providing care and treatment within its walls were properly credentialed, and to otherwise exercise reasonable care for his protection and well-being.

3.  Nevertheless, defendant negligently disregarded its duty as aforesaid and/or failed to promulgate and enforce policies and procedures to insure the delivery of ordinary

medical care, and/or otherwise failed to discharge its responsibilities as a medical provider to Charles H. Erinakes.

4. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Charles H. Erinakes suffered severe personal injuries and pain and suffering which ultimately resulted in his wrongful death on June 12, 2015.

5. By reason of the foregoing, Charles H. Erinakes' estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

6. By reason of the foregoing, Charles H. Erinakes suffered severe injuries to his mind and body, nerves, and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Charles H. Erinakes as set forth under R.I. Gen Laws §10-7-7.

WHEREFORE, plaintiff demands judgment against defendant John/Jane Doe Corporation, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT VIII
## VICARIOUS LIABILITY
## JOHN/JANE DOE CORPORATION, ALIAS

1. Counts V through VII are hereby incorporated by reference as if fully set forth at length herein.

2. John/Jane Doe Corporation, Alias was an employee, agent, apparent agent and/or servant of the defendant and was acting within the scope of his employment at all times relevant hereto.

3. Defendant was at all relevant times vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of John/Jane Doe Corporation, Alias as set forth above.

4. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Charles H. Erinakes suffered severe personal injuries and pain and suffering which ultimately resulted in his wrongful death on June 12, 2015.

5. By reason of the foregoing, Charles H. Erinakes' estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

6. By reason of the foregoing, Charles H. Erinakes suffered severe injuries to his mind and body, nerves, and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Charles H. Erinakes as set forth under R.I. Gen Laws §10-7-7.

WHEREFORE, plaintiff demands judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT IX
### NEGLIGENCE
### JOHN/JANE DOE, MD, ALIAS

1. Plaintiff hereby incorporates Paragraphs 1 through 7 as if fully set forth at length herein.

2. On or about September 2011, John/Jane Doe, MD, Alias, by and through its agents, actors and employees, undertook for valuable consideration to diagnose, treat, and care for Charles H. Erinakes.

3. It then and there became and was the duty of the defendant, by and through its agents, actors and employees, to exercise ordinary care in the diagnosis, treatment and care of Mr. Erinakes.

4. Nevertheless, defendant disregarded its duty as aforesaid and failed to exercise said degree of diligence and skill in that it failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Charles H. Erinakes and was otherwise negligent in its diagnosis, treatment, and care of him.

4. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Charles H. Erinakes suffered severe personal injuries and pain and suffering which ultimately resulted in his wrongful death on June 12, 2015.

5. By reason of the foregoing, Charles H. Erinakes' estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

6. By reason of the foregoing, Charles H. Erinakes suffered severe injuries to his mind and body, nerves, and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Charles H. Erinakes as set forth under R.I. Gen Laws §10-7-7.

WHEREFORE, plaintiff demands judgment against defendant John/Jane Doe, MD, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT X
### LACK OF INFORMED CONSENT
### JOHN/JANE DOE, MD, ALIAS

1. Count IX is hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of defendant John/Jane Doe, MD, Alias, no emergency existing, to inform Charles H. Erinakes of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon him so that he could give his informed consent to such treatment.  It also then and there became the duty of defendant to obtain Charles H. Erinakes' informed consent before proceeding with said treatment and care.

3. Nevertheless, defendant disregarded its duty as aforesaid and failed to inform Charles H. Erinakes of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained his informed consent.

4. If defendant had informed Charles H. Erinakes of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of him suffering those injuries from which he suffered as a direct result of defendant's performance of the treatment and care in question, he would have refused to consent to the performance of said treatment and care.

5. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Charles H. Erinakes suffered severe personal injuries and pain and suffering which ultimately resulted in his wrongful death on June 12, 2015.

6. By reason of the foregoing, Charles H. Erinakes' estate has incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

7. By reason of the foregoing, Charles H. Erinakes suffered severe injuries to his mind and body, nerves, and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Charles H. Erinakes as set forth under R.I. Gen Laws §10-7-7.

WHEREFORE, plaintiff demands judgment against defendant John/Jane Doe MD, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury and designates Amato A. DeLuca as trial counsel.

                                              Plaintiff,
                                              By his Attorneys,

                                              /s/ Amato A. DeLuca
                                              Amato A. DeLuca (#0531)
                                              Christopher E. Hultquist (#5464)
                                              **DeLUCA & WEIZENBAUM, LTD.**
                                              199 North Main Street
                                              Providence, RI  02903
                                              (401) 453-1500
                                              (401) 453-1501 – Fax
                                              bud@delucaandweizenbaum.com

DATED:  July 7, 2016